IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT SANCHEZ NUNEZ, | § § § § | |
| Petitioner, | § § | |
| v. | § § | 2:19-CV-52-Z |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner ROBERT SANCHEZ NUNEZ. [ECF 1]. For the following reasons, the undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED as moot.

I.
BACKGROUND

On February 13, 2019, petitioner NUNEZ, an inmate then confined at the Eastham Unit, filed the instant *Petition for a Writ of Habeas Corpus by a Person in State Custody* in the United States District Court for the Eastern District of Texas, Lufkin Division. *Nunez v. Director, TDCJ-CID*, No. 9:19-CV-23. [ECF 1]. On February 26, 2019, the Lufkin Division entered an Order transferring the habeas corpus action to this Court. [ECF 4]. On March 20, 2019, the case was electronically transferred and a new case opened in this Court under the cause number referenced in the above case caption.

By his federal habeas application, petitioner challenges the circumstances surrounding and/or resulting in the denial of his parole in 2017 while confined in the Estelle Unit and in 2018 while confined in the Eastham Unit. Petitioner does not appear to seek immediate or earlier release to parole by his habeas application; rather, he requests only to be able to examine his file maintained by the Texas Board of Pardons and Paroles, to have certain information removed from the file, and for the Board to be prohibited from using such information in petitioner's future parole determinations.

## II.
## MOOTNESS OF PETITION

On March 11, 2020, in response to an Order of the Court, respondent filed a pleading advising the Court that petitioner died on November 10, 2019 and is no longer physically confined within the Correctional Institutions Divisions of the Texas Department of Criminal Justice (TDCJ-CID) pursuant to his state court conviction and sentence. [ECF 11]. Respondent has provided the Court with both a copy of the petitioner's certificate of death and a printout generated by the Classification and Records Department within TDCJ-CID confirming petitioner's death on November 10, 2019. In her pleading, respondent contends petitioner's federal habeas application should be dismissed as moot.

As a result of petitioner's death, the challenges raised in his writ of habeas corpus are moot under the continuing controversy requirement. Further, as petitioner is deceased, even assuming *arguendo* that the relief he requested could be afforded in this proceeding, such relief is no longer available. Moreover, the constitutional legality of petitioner's continued incarceration, if impliedly raised in the habeas application, is no longer debatable. Consequently, the instant federal application for habeas corpus relief should be dismissed as moot. *Cf. Soffar v. Davis*, 653 Fed. Appx. 813, 814 (5th Cir. 2016) (petitioner's death moots federal habeas corpus claim); *Knapp v.*

*Baker*, 509 F.2d 922, 922 (5th Cir. 1975) (petitioner's death mooted federal habeas corpus claim even where the writ was granted and was on appeal).

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner ROBERT SANCHEZ NUNEZ be DISMISSED as moot.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 13, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A

party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).